[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12510
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20791-FAM-8

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORATIN PERTIL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 13, 2020)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Oratin Pertil is a federal prisoner serving a 235-month prison sentence for conspiracy to commit money laundering and money laundering, in violation of 18 U.S.C. § 1956(h) and § 1956(a)(1)(B)(i) and (2), respectively.  Following the passage of the First Step Act of 2018, Pertil moved the district court to reduce his sentence pursuant to the Act.  The district court dismissed Pertil's motion without explanation, and Pertil now appeals the denial of his motion.  We affirm.

Congress enacted the Fair Sentencing Act in 2010, which increased the drug amounts triggering a statutory penalty of 5–40 years from 5 to 28 grams of crack cocaine, and of 10 years to life from 50 to 280 or more grams of crack cocaine under 21 U.S.C. § 841(b).  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, § 2(a); 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii).  In 2018, Congress enacted the First Step Act, which makes the Fair Sentencing Act's changes retroactive.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404.  Under § 404(a), "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by . . . the Fair Sentencing Act."  *Id*, § 404(a).  Under § 404(b), a court "may . . . impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id*. § 404(b).

Pertil argues that he is eligible for relief under the First Step Act because of the relationship of his convictions for money laundering to drug trafficking, which

2

he alleges is covered by the Act.  His argument fails as a matter of law.  Pertil is not eligible for a sentence reduction because the Fair Sentencing Act and the First Step Act did not change the statutory penalties for money laundering and conspiracy to commit money laundering.  The alleged relationship between money laundering and drug trafficking does not form a cognizable basis under the Act for relief.  Accordingly, we affirm.

**AFFIRMED.**